UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT C. CLIFTON, ET AL            CIVIL ACTION

VERSUS            NO. 14-395-SDD-RLB

PROGRESSIVE PALOVERDE
INSURANCE COMPANY

## ORDER

Before the court is Defendant's Consent Motion to Extend Scheduling Order Deadlines. (R. Doc. 23). The motion states that Defendant has contacted Plaintiffs' counsel who consents to the extension of these deadlines. Defendant seeks an extension of 90 days of all deadlines in the Court's Scheduling Order. (R. Doc. 10).

The Scheduling Order in this case was issued on September 29, 2014. (R. Doc. 10). The deadlines in the Scheduling Order were based on those specifically requested by the parties in the Status Report. (R. Doc. 9). The remaining pretrial and trial dates were set based on those proposed deadlines.

This is the second request for a 90 day extension of the aforementioned deadlines. The previous request was filed on March 16, 2015 and it was denied on March 19, 2015 due to an insufficient showing of good cause to support the requested relief. (R. Doc. 22).

The current motion was filed on March 24, 2015. As with the prior request, the Scheduling Order was issued over five months ago. Based on the deadlines in place, the parties have completed the exchange of initial disclosures. The deadline for filing all discovery motions and completing all discovery except experts is tomorrow, March 27, 2015. The deadlines for identifying and exchanging expert reports are April 24, 2015 for Plaintiffs and May 8, 2015 for

Defendant. The deadline to complete discovery from experts is May 22, 2015. Dispositive and Daubert motions are due on June 5, 2015, over two months from now.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The Scheduling Order informed the parties that "[j]oint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically" and that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 10).

In the previously denied motion, Defendant stated that, to date, "neither party has conducted any depositions in this matter. Because both parties intend to take depositions in this matter in order to fully support or defend the claims asserted, an extension of these deadlines would further the interests of justice. Additionally, any depositions are necessary prior to either party being able to file any dispositive motions." (R. Doc. 21 at 1). No other information was provided.

The instant motion provides a more complete explanation as to why the parties had not timely conducted the depositions within the deadlines they requested. Specifically, on January 30, 2015, the Defendant filed a Motion for Partial Summary Judgment seeking to dismiss Plaintiff's bad faith claims. (R. Doc. 14). The Defendant represents that resolution of that

2

motion would "simplify the issues of this case, eliminate a great deal of discovery, and as a result, reduce the amount of costs and fees both parties would incur throughout this litigation." (R. Doc. 23 at 2).  Because this motion is pending, "the parties have not aggressively pursued discovery." (Id.).  The motion specifically refers to written discovery directed to Plaintiffs' "bad faith" claims as well as depositions of Progressive's adjusters. (Id.).

At no point during the removal of this action, the preparation of the Status Report, the issuance of the Scheduling Order, or the filing of the Motion for Partial Summary Judgment, have the parties requested any stay of discovery or expressed any intention to disregard existing deadlines while a motion was pending.  Indeed, the Status Report, filed in September of 2014, specifically indicated that the plaintiffs intend to conduct written discovery regarding the process by which the claim decision was made as well as "intend on deposing the claims representatives that worked on the plaintiffs' claims."  (R. Doc. 9 at 6-7).  Furthermore, any presumed decision to forego this discovery while the Motion for Partial Summary Judgment was under advisement is directly contradicted by plaintiff's representations to the district judge in their Opposition to that motion filed on February 20, 2015. (R. Doc. 18 at 6-7) ("Currently, plaintiffs are in the process of setting depositions of the claims representatives involved in the claims process.").

The Court is aware, however, that both parties have expressed a need for the discovery at issue and, despite some disagreement regarding that discovery, have apparently endeavored to resolve any disagreement without seeking court intervention.  The Court also notes that this is the only extension that has been requested.

As set forth above, in support of good cause, the Motion points to the pendency of the Motion for Partial Summary Judgment as the basis for not conducting further discovery.  That Motion has been pending for eight weeks.  The Court will, in order to put the parties in the same

3

position they were in prior to that motion being filed, provide an extension of all deadlines for that same period of time.[1]  Therefore,

**IT IS ORDERED** that the Consent Motion to Extend Scheduling Order Deadlines (R. Doc. 23) is **GRANTED IN PART AND DENIED IN PART**.  The previous discovery deadlines set forth in the September 29, 2014 Scheduling Order (Doc. 10) are amended as follows:

1. Discovery must be completed as follows:

    a. **Filing** all discovery motions and **completing** all discovery except experts: **May 22, 2015**.

    b. Disclosure of identities and resumés of experts:

    **Plaintiff(s):**      **June 19, 2015.**

    **Defendant(s):**      **July 2, 2015.**

    c. Expert reports must be submitted to opposing parties as follows:

    **Plaintiff(s):**      **June 19, 2015.**

    **Defendant(s):**      **July 2, 2015.**

    d. Discovery from experts must be completed by **July 17, 2015.**

2. Deadline to file dispositive motions and Daubert motions: **July 31, 2015.**

Signed in Baton Rouge, Louisiana, on March 26, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The parties are reminded that while Rule 29 of the Federal Rules of Civil Procedure allows for parties to enter into stipulations or agreements governing discovery, court approval is required if any such agreements would interfere "with the time set for completing discovery."